# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| YARAH ALICEA and NICHOLAS KONTOS, as parents and natural guardians of V.K., a minor, | * * * * * |
| Petitioners, | * * |
| v. | * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * |
| Respondent. | * |

No. 18-1136V
Special Master Christian J. Moran

Filed: June 7, 2022

Stipulation; diphtheria, tetanus, acellular pertussis ("DTaP") vaccine; inactivated polio ("IPV") vaccine; varicella vaccine; juvenile idiopathic arthritis ("JIA"); uveitis.

* * * * * * * * * * * * * * * * * * * * * * * *

<u>Sylvia Chin-Caplan</u>, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for Petitioner;
<u>Cristine Mary Becer,</u> United States Dep't of Justice, Washington, DC, for Respondent.

## **UNPUBLISHED DECISION**[1]

On June 6, 2022, the parties filed a joint stipulation concerning the petition for compensation filed by Yarah Alicea and Nicholas Kontos on August 2, 2018. In their petition, petitioners alleged that the diphtheria, tetanus, and acellular pertussis ("DTaP"), inactivated polio ("IPV"), and Varicella vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), and which V.K. received on August 13, 2015, caused V.K. to suffer juvenile idiopathic arthritis ("JIA") and uveitis. Petitioners further allege that V.K. suffered the residual effects of this injury for more than six months. Petitioners represent that

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

Respondent denies that the DTap, IPV, and varicella vaccines caused V.K.'s alleged JIA, uveitis, or any other injury or her current condition.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**An amount of $135,000.00 to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.**

**This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| YARAH ALICEA and NICHOLAS KONTOS, as parents and natural guardians of V.K., a minor, | ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) No. 18-1136V ) Special Master Moran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ECF ) ) |
| Respondent. | ) ) ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, V.K., Yarah Alicea and Nicholas Kontos ("petitioners")

filed a petition for vaccine compensation under the National Vaccine Injury Compensation

Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation

for injuries allegedly related to V.K.'s receipt of the diphtheria, tetanus, and acellular pertussis

("DTaP"), inactivated polio ("IPV"), and Varicella vaccines, which vaccines are contained in the

Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. V.K. received her vaccinations on August 13, 2015.

3. The vaccines were administered within the United States.

4. Petitioners allege that V.K. suffered from juvenile idiopathic arthritis ("JIA") and

uveitis as a result of the DTap, IPV, and varicella vaccines and that she suffered the residual

effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of V.K. as a result of her condition.

6. Respondent denies that the DTap, IPV, and varicella vaccines caused V.K.'s alleged JIA, uveitis, or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. An amount of $135,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of V.K., pursuant to which the Life Insurance Company will agree to make payments to V.K. for all damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

a. Beginning October 20, 2028, $39,086.48 per year for 4 years certain.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $135,000.00. In the event that the cost of the annuity set forth above varies from $135,000.00, the annual payments beginning on October 20, 2028, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $135,000.00. The periodic payments provided herein shall be made in certain annual payments to V.K. for the period set forth above. Should V.K. predecease any of the certain payments set forth above, any remaining certain payments shall be made to V.K.'s estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within **twenty (20)** days of V.K.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of V.K. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or if necessary will become, duly authorized to serve as guardians of V.K.'s estate under the laws of Florida.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of V.K., on behalf of themselves, V.K., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and

unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of V.K. resulting from, or alleged to have resulted from, the DTap, IPV, and varicella vaccinations administered on August 13, 2015, as alleged by petitioners in a petition for vaccine compensation filed on or about August 2, 2018, in the United States Court of Federal Claims as petition No. 18-1136V.

18. If V.K. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTap, IPV, and varicella vaccines caused V.K. to suffer from JIA, uveitis, or any other injury or condition.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of V.K.

## END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

**PETITIONER:**

YARAH ALICEA

**PETITIONER:**

NICHOLAS KONTOS

**ATTORNEY OF RECORD FOR
PETITIONERS:**
By: Timothy Mason
w/ Permission
of SCC.

SYLVIA CHIN-CAPLAN, ESQ.
Law Office of Sylvia Chin-Caplan, LLC
One International Place, Suite 1400
Boston, MA 02110   53 State St., Ste. 500
schin-caplan@scc-law.com   Boston, MA 02109

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

George R. Grimes -S14   Digitally signed by George R. Grimes -S14
Date: 2022.04.25 14:59:45 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: _6/6/22_

**ATTORNEY OF RECORD FOR
RESPONDENT:**

CHRISTINE M. BECER
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3665
christine.m.becer@usdoj.gov