# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
YARAH ALICEA and NICHOLAS  \*
KONTOS, as parents and natural  \*
guardians of V.K., a minor,  \*
                              \*   No. 18-1136V
          Petitioners,        \*   Special Master Christian J. Moran
                              \*
v.                            \*   Filed: November 16, 2023
                              \*
SECRETARY OF HEALTH           \*
AND HUMAN SERVICES,           \*
                              \*
          Respondent.         \*
* * * * * * * * * * * * * * * * * * * *

Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, Boston, MA, for Petitioners;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioners' motion for final attorneys' fees and costs. They are awarded $53,366.89.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

\* \* \*

On August 2, 2018, Yarah Alicea and Nicholas Kontos filed a petition on behalf of their minor child, V.K. In their petition, petitioners alleged that the diphtheria, tetanus, and acellular pertussis ("DTaP"), inactivated polio ("IPV"), and Varicella vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), and which V.K. received on August 13, 2015, caused V.K. to suffer juvenile idiopathic arthritis and uveitis. Petitioners further allege that V.K. suffered the residual effects of this injury for more than six months. Following the submission of expert reports and prehearing submissions, a hearing was scheduled for February 17, 2022. However, shortly thereafter, respondent indicated his willingness to settle the case and on June 6, 2022, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on June 7, 2022. 2022 WL 2315566.

On January 9, 2023, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request attorneys' fees of $57,855.00 and attorney's costs of $1,297.38 for a total request of $59,152.38. Fees App. at 1. Pursuant to General Order No. 9, counsel for petitioners warrants that the petitioners have not personally incurred any costs related to the prosecution of this case. Id. On January 23, 2023, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. The petitioners did not file a reply thereafter.

\* \* \*

Because the petitioners received compensation, they are entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the

2

number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The petitioners request the following rates for the work of their counsel: for Ms. Sylvia Chin-Caplan, $429.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019 and 2020, $458.00 per hour for work performed in 2021 and $495.00 per hour for work performed in 2022; and for Mr. Timothy Mason, $238.00 per hour for work performed in 2018, $247.00 per hour for work performed in 2019, $253.00 per hour for work performed in 2020, $261.00 per hour for work performed in 2021 and $275.00 per hour for work performed in 2022. The rates from 2018 – 2021 are consistent with what Ms. Chin-Caplan and Mr. Mason have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Bird v. Sec'y of Health & Human Servs., No. 19-1400V, 2022 WL 4116897 (Fed. Cl. Spec. Mstr. Aug. 8, 2022); Maize v. Sec'y of Health & Human Servs., 17-921V, 2022 WL 4494269 (Fed. Cl. Spec. Mstr. Sept. 6, 2022). The undersigned finds the requested rate increases to be reasonable and awards them herein.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, I find that an overall reduction to the hours billed is necessary for several reasons. First, in my experience, there is an excessive amount of interoffice communication between Ms. Chin-Caplan and Mr. Mason. Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009); Raymo v. Sec'y of Health & Human Servs., 129 Fed. Cl. 691, 703-704 (2016); Rice v. Sec'y of Health & Human Servs., No. 15-1335V, 2018 WL 4784563, at *2 (Fed. Cl. Spec. Mstr. Aug. 27, 2018).

Second, a significant quantity of Mr. Mason's billing entries related to obtaining medical records and personnel and payroll records for petitioners are better categorized as paralegal tasks. When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work. See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioners' counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties.").

Therefore, the undersigned is reducing the requested attorneys' fees by $5,785.50, representing ten percent of the attorneys' fees requested in order to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). Petitioners are therefore awarded final attorneys' fees of $52,069.50.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners request a total of $1,297.38 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and postage. Petitioners have provided adequate documentation supporting the requested costs and all are reasonable in the

undersigned's experience. Petitioners are therefore awarded final attorneys' costs of $1,297.38.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$53,366.89** (representing $52,069.50 in attorneys' fees and $1,297.39 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and their counsel, Ms. Sylvia Chin-Caplan.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.